## AUSTIN v. WILSON ET AL.

1. **Vendor and Vendee:** EVIDENCE. Evidence considered which was *held* insufficient to sustain a defense, on the ground of payment, to an action to recover possession of real estate which the defendant occupied under a bond for a deed.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, DECEMBER 12.

ACTION to recover possession of certain real estate in the city of Decorah. The legal title is in the plaintiff. The defendants filed an equitable answer, averring that the defendant S. O. Wilson purchased the premises of the plaintiff, executed his promissory notes for the purchase money, and took a bond for a deed; that the defendant Sarah L. Wilson has acquired the rights of S. O. Wilson; that the notes given for the purchase money have nearly all been paid, and that she has tendered the plaintiff five hundred and seventy-seven dollars, which is sufficient to cover all that is due him for purchase money, interest and taxes. The court found that the amount tendered was sufficient, and rendered a decree for the defendants. The plaintiff appeals.

*E. E. Cooley*, for appellant.

*Adams & Bullis*, for appellees.

ADAMS, J.—There were five notes given for the purchase money—two for twenty-five dollars each, two for one hundred and fifty dollars each, and one for fifty dollars. The tender was made upon the theory that the whole purchase money had been paid except seventy-five dol-

lars and interest.    What was tendered above that was to reimburse the plaintiff for taxes.    The plaintiff denies that any part of the purchase money has been paid except twenty-five dollars, paid when the bond was given and not embraced in any note, and he insists that there is no evidence tending to show that more than that has been paid.    The defendants, to show payment, put in evidence what purport to be two notes, for twenty-five dollars each, payable to Benjamin Austin, with signature torn off, and S. O. Wilson testified that they were two of the notes described in the bond; but we see no evidence that any one of the other notes has been paid.    The evidence relied upon is the testimony of S. O. Wilson.    He testified that to the best of his knowledge all the notes were paid except the note for fifty dollars, but when further examined as to what the best of his knowledge was it appears that he had no knowledge at all.

At the time of the pretended payments the witness was in the military service of the United States in the Territory of Dakota.    While there he says that as he received payment for his services from the United States he sent the money home to his wife, the defendant Sarah L. Wilson.    He says, also, that he sent most of the money to one Nelson Burdick.    We infer that he means that what he sent to his wife was sent through Burdick.    He says he sent the money home to take up these notes and others, and that he gave his wife instructions to find the notes.    The only amount specified is seventy-five dollars.    That amount, it appears, was at one time delivered by Sarah L. Wilson to Burdick to pay on the plaintiff's notes.    But it was not so paid, and after considerable time it was returned to Mrs. Wilson.

The testimony of Burdick was taken, and he says that he returned it because he found no one to pay it to.    There is no evidence that Burdick was the plaintiff's agent, or ever had any one of the notes in his possession, except that on one of the notes for twenty-five dollars some figures are indorsed in his handwriting.    As to how he came by the note he says he has

no knowledge. The defendant Sarah L. Wilson does not testify that she ever paid anything. The plaintiff, during the time, resided in Massachusetts, and his residence was unknown to the defendants. There is no pretense of a payment directly to him. The defendants' theory seems to be, if we understand their counsel, that Burdick had one of the notes for collection; that he was, therefore, plaintiff's agent to collect all the notes, and that payments were made to him. But this theory is entirely without support. In our opinion there is no evidence that any one of the three large notes has been paid. It follows that the tender was insufficient, and as the bond has been forfeited the plaintiff is entitled to judgment.

REVERSED.